IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theresa A. Kovacs,   Case No. 3:22-cv-02151-JGC

    Plaintiff,

    v.   **ORDER**

University of Toledo,

    Defendant.

This is a retaliation case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–2. (Doc. 1). Defendant is a state university. Plaintiff was an employee of the Defendant until her alleged illegal termination, precipitating this lawsuit.

Defendant has moved for summary judgment, and Plaintiff has filed her response in opposition.

Before me presently are two motions by Plaintiff for judicial notice under Fed. R. Evid. 201. Plaintiff seeks to use this evidence in her opposition to summary judgment.

In the first motion, Plaintiff requests that I "take judicial notice of the complaint filed in another employment discrimination case filed against the [Defendant by a different employee] in the Northern District of Ohio and the exhibits attached to that Complaint." (Doc. 21, pgID 1269).

In the second motion, Plaintiff requests that I "take judicial notice of the OCRC proceeding filed by [Plaintiff], and to the related OCRC investigation documents as they are public records." (Doc. 22, pgID 1299). Defendant opposes both motions (Docs. 23, 26), and Plaintiff has filed replies (Doc. 24, 28).

**Discussion**

It was unclear, based on the briefing, what "adjudicative facts" Plaintiff was asking me to consider. *See* Fed. R. Evid. 201. I could take judicial notice that there is another lawsuit against the Defendant brought by a different plaintiff-employee. I could also take judicial notice that the OCRC conducted an investigation regarding Plaintiff's discrimination claim and created an investigative file. *See Haller v. U.S. Dep't of Hous. & Urb. Dev.*, 2012 WL 2829766, at *1 n.2 (S.D. Ohio July 10, 2012).

I cannot, under Fed. R. Evid. 201, do more than that. Facts, allegations, and assertions within the other lawsuit and the OCRC investigation are not "generally known," and they cannot "be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b); *see also Changizi v. Dep't of Health & Hum. Servs.*, 2023 WL 5965931, at *4 n.7 (6th Cir. Sept. 14, 2023) ("[J]udicial notice is available only for facts that are not subject to 'reasonable dispute.' While we could conceivably take judicial notice of the fact that an analogous case is ongoing in another circuit, Plaintiffs ask us to take judicial notice of the truth of assertions detailed in various judicial filings.") (internal citation omitted). Judicial notice is not a "work-around" to admit otherwise inadmissible facts by the happy accident of their inclusion in a public record. *See Changizi, supra*, 2023 WL 5965931, at *4 n.7.

Therefore, I held a status conference with the parties regarding the pending Motions on September 26, 2023. I asked for and received helpful clarification from Plaintiff on what exactly, within the 700-plus pages of records, she would like me to consider at this stage of the litigation. Based on that clarification, I deny Plaintiff's Motions (Docs. 21, 22) without prejudice.

1. **The Complaint and Exhibits in the Chapman Litigation**

Plaintiff's first motion concerns a complaint and attached exhibits in a different employment litigation against the Defendant. Plaintiff clarified that she requests I consider the OCRC's finding that there was probable cause of unlawful conduct regarding the other employee's claim of employment discrimination against the University of Toledo. In this other lawsuit, John Elliott, the supervisor who terminated Plaintiff Kovacs, also terminated a different plaintiff, Carolyn Chapman. (Doc. 21, pgID 1270). Chapman has also brought a separate Title VII claim against Defendant. *Carolyn Chapman v. Univ. of Toledo*, Case No. 3:23-cv-01022 (N.D. Ohio) (Helmick, J.).[1]

Plaintiff seeks to use the OCRC finding for the truth of its assertion that probable cause of unlawful conduct existed in this other case. That makes it hearsay. However, Plaintiff correctly points out that I can consider the OCRC's findings of fact and conclusions under the public records exception to the rule against hearsay. Fed. R. Evid. 803(8)[2]; *Alexander v. CareSource*, 576 F.3d 551, 561–62 (6th Cir. 2009) ("[T]he Supreme Court has held that a report that contains the agency's conclusion or opinion formed as the result of a factual investigation is

---

[1] Defendant has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Chapman's Complaint. *Chapman, supra*, No. 3:23-cv-01022 (N.D. Ohio), Doc. 8. That motion is currently pending.

[2] Fed. R. Evid. 803(8) states:
   A record or statement of a public office [is not excluded by the rule against hearsay] if:
    (A) it sets out:
      (i) the office's activities;
      (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
      (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
    (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

admissible under [Rule 803(8)].") (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988)).

But that is not the end of the inquiry. The evidence must also be relevant. *See* Fed. R. Evid. 401. In her response in opposition to Defendant's pending Motion for Summary Judgment, Plaintiff argues that Defendant fired her after three recently terminated Black employees—including Chapman—complained that Defendant did not fire and instead merely demoted Kovacs, a similarly situated Caucasian employee. (Doc. 27, pgID 2654). Thus, the *facts* underlying Chapman's termination, if presented in an admissible form, may be relevant to Plaintiff's argument in opposition that Defendant terminated her because of her race.[3] *See Schrack v. RNL Carriers, Inc.*, 565 F. App'x 441, 445 (6th Cir. 2014) (explaining the case-by case analysis for determining the admissibility of "other acts" in employment discrimination cases).

However, the OCRC's *legal conclusion* that the evidence of racial discrimination against Chapman met its probable cause standard is irrelevant here. Standing alone, the fact that the OCRC determined that there was probable cause to believe that the University of Toledo discriminated against Chapman does not bear on the question of whether Defendant wrongfully terminated Plaintiff. Even the probable cause determination in Plaintiff's own OCRC matter has "an evidentiary value of practically zero." *See Alexander, supra*, 576 F.3d at 562; *see also Meeker v. Vitt*, 2006 WL 8450990, at *4 (N.D. Ohio Mar. 31, 2006) (O'Malley, J.) ("Under Title

---

[3] Plaintiff's Complaint raises two claims, one for retaliatory discharge and one for age discrimination. (Doc. 1, ¶¶ 53–67). I granted the parties' joint stipulation to dismiss without prejudice the age discrimination claim. (*See* Minute Order, Jan. 23, 2023). Nothing in the record, including the Complaint, indicates that Plaintiff has previously raised in this litigation her racial discrimination claim—*i.e.*, that Defendants terminated her because of her race, as opposed to or in the alternative from her retaliation claim.

4

VII, it is the jury (or court) which is the fact-finder, not the EEOC or OCRC. A probable cause determination letter by an administrative agency has little, if any, probative value.").

I conclude that the OCRC's probable cause conclusion in another case, regarding another employee, and relying on different facts is even further removed from the realm of relevance and carries no probative weight here. I will not consider it at this stage in the litigation. I deny Plaintiff's Motion (Doc. 21).

### 2. The OCRC Investigation File Regarding Plaintiff

Plaintiff's second motion asks that I admit the entire 750-plus pages of the OCRC investigation file regarding her claim. (Doc. 22). Plaintiff explained that she seeks to use investigator summaries of witness interviews contained within the OCRC file.

Plaintiff is correct that the investigator summaries—*i.e.*, the statements made by the investigator—are admissible under the public records exception to the hearsay rule. They are matters observed by the investigator "while under a legal duty to report." *See* Fed. R. Evid. 803(8).

However, there are multiple layers of statements involved here, and each statement must conform with an exception to the hearsay rule. Fed. R. Evid. 805. The investigator summaries are statements by the investigator recounting and summarizing the out-of-court statements by the witness-declarants.  In other words, it is the investigator saying what another witness said. It is the later that is the problem here.

Presumably, Plaintiff intends to use the witness interview summaries for their truth, that the relevant "asserted matters" are what the witnesses told the OCRC investigator. Thus, the ultimate declarant here is not the investigator but rather the witnesses. And no exception to the hearsay rule covers these statements of the co-worker witnesses.

5

Therefore, to the extent the Plaintiff seeks to admit and use the witness summaries contained in the OCRC investigation file for their truth, I deny Plaintiff's Motion. (Doc. 22).

## Conclusion

My rulings here are limited to my analysis and discussion of these issues at the summary judgment stage, as the parties have presented those arguments. I reserve ultimate rulings on the admissibility of evidence until the trial stage.

It is, therefore, ORDERED THAT:

1. Plaintiff's Motion for Judicial Notice (Doc. 21) be, and the same hereby is, denied without prejudice.

2. Plaintiff's Motion for Judicial Notice (Doc. 22) be, and the same hereby is, denied without prejudice.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge