**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| THERESA A. KOVACS, | ) | Case No. 3:22-cv-02151-JGC |
| | ) | |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNIVERSITY OF TOLEDO, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT UNIVERSITY OF TOLEDO'S MOTION FOR TAXATION OF COSTS**

---

Defendant, University of Toledo, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), hereby moves this Court for taxation of costs in its favor in the amount of $3,466.05. A bill of costs, invoices from the court reporter, and a memorandum in support are attached.

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
Scott H. DeHart (0095463)
ZASHIN & RICH CO., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Phone: (614) 224-4411
Fax: (614) 224-4433
dcp@zrlaw.com
shd@zrlaw.com

*Attorneys for Defendant*

## MEMORANDUM IN SUPPORT

### I.    Introduction.

This was an action in which the Plaintiff Theresa A. Kovacs alleged retaliation under Title VII of the Civil Rights Act of 1964 against Defendant University of Toledo ("UT") pertaining to two discrete adverse actions: a demotion and a termination.  On January 10, 2024, this Court granted summary judgment for Defendant on Plaintiff's termination claim.  (Doc. 34).  On January 17, 2025, Plaintiff voluntarily dismissed, with prejudice, her demotion claim.  (Doc. 63).  On January 21, 2025, this Court approved the Stipulation of Dismissal and closed the case. (Doc. 64).

The costs in question, in the amount of $3,466.05, were expended by Defendant for the deposition transcripts of the Plaintiff and five other deponents, including: Melissa Hurst, John Elliott, Matthew Schroeder, Jason Toth, and Willie McKether.

Five of the six deposition transcripts were filed with the Court in conjunction with the summary judgment briefing.  Jason Toth's transcript was not filed with the Court, but his transcript is taxable because it was necessary to UT's defense in this case, as explained below.  Deposing Plaintiff and ordering the deposition transcripts  of the other deponents were reasonably necessary efforts to defend the action, and therefore may be recovered as costs.  *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir. 1989).  A bill of costs and invoices from the court reporters are attached hereto.

### II.    Law & Argument.

#### A.    Costs are granted to the prevailing party in all but the most exceptional cases.

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  As the Supreme Court has recognized, this language "signals the general proposition that 'liability for costs is a normal incident of defeat.'"  *Jones v. Continental Corp*., 789 F.2d 1225, 1233 (6th Cir.

1

1986), quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).  Put another way, the rule creates a "presumption in favor of awarding costs" to the prevailing party.  *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).  The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper.  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

As explained by the District of Columbia Circuit in *Baez v. United States Department of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982):

> Unlike attorneys' fees, whose magnitude and unpredictability have discouraged parties with otherwise meritorious claims from litigation, the small and predictable costs of court fees, printing, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation, properly reimbursable to the winning party.

Because of this, "trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious."  *Id.*, 684 F.2d at 1004.

**B.**    **Transcript costs and court reporter fees are recoverable as costs if "reasonably necessary" at the time the deposition was taken, even if the testimony did not prove pivotal to the outcome.**

The following court reporter fees were expended by Defendant in defense of this action.[1]

| DEPONENT | DATE | TOTAL |
|---|---|---|
| Theresa Kovacs | 5/15/2023 | $1,836.30 |
| Melissa Hurst | 4/21/2023 | |
| John Elliott | 4/21/2023 | $823.35 |
| Matthew Schroeder | 4/4/2023 | $383.45 |
| Jason Toth | 5/9/2023 | $246.15 |
| Willie McKether | 5/9/2023 | $176.80 |
| **TOTAL** | | **$3,466.05** |

---

[1] The depositions of Hurst and Elliott were invoiced jointly.  It also bears mentioning that Plaintiff conducted the deposition of former UT President Gregory Postel, M.D.  Plaintiff filed Dr. Postel's deposition transcript with the Court (Doc. 20), but UT did not order a copy of said transcript.  Accordingly, UT is not seeking costs related to the deposition transcript of Dr. Postel.

2

The controlling statute, 28 U.S.C. § 1920(2), provides that costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "Printed or electronically recorded transcripts" plainly include deposition transcripts. *See Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). In this Circuit, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

Defendant recognizes that Mr. Toth's transcript was not cited in summary judgment briefing; however, it remains taxable. As discussed above, with regard to deposition transcripts (as well as trial transcripts, which, of course, are not at play here), the standard for taxability is whether the cost of taking and transcribing the event was "reasonably necessary" for purposes of litigation. *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir. 1989). Necessity is determined as of the time of the deposition or hearing. *Id.* And such costs are recoverable under 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S 437, 440, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987) (a district court may award costs only for those elements in § 1920, which includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case") (quoting 28 U.S.C. § 1920(2) and (4)). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales*, 873 F.2d at 120.

A party need not "specifically cite to deposition testimony * * * in their successful motion for summary judgment" in order for the deposition to have been "necessarily obtained." *Baker Hughes Inc. v. S&S Chem., LLC,* No. 1:14-cv-531, 2016 U.S. Dist. LEXIS 146650, at *5 (W.D.

3

Mich. Oct. 24, 2016).  This Court recently cited *Baker Hughes, Inc.* with approval. *Gasiorowski-Watts v. CSX Transp.*, No. 1:23 CV 1043, 2024 U.S. Dist. LEXIS 214545, at *7 (N.D. Ohio Nov. 26, 2024) ("Courts regularly tax costs for items such as this, when they are made necessary to the case through references in briefing or when their content can be reasonably expected to be addressed at trial.")

Mr. Toth was a central figure in this case.  Plaintiff's alleged protected activity focused exclusively on a personnel change sought by Mr. Toth.  (Doc. 43, PageID#2748-49).  While Defendant ordered Mr. Toth's transcript and considered utilizing it in its Motion for Summary Judgment, the fact that it did not is not dispositive, as explained in *Gasiorowski-Watts*.  The focus is on the necessity at the time of taking – and UT needed Mr. Toth's transcript in order to evaluate its summary judgment strategy.  All costs requested should be taxed.

### C.     Inability to pay, and the disparity of the parties' resources, are not defenses to the assessment of costs.

"[T]he ability of the winning party to pay his own costs is irrelevant," *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001), citing *White & White*, 786 F.2d at 730.  Plaintiff did not proceed *in forma pauperis*, nor has she established indigency at any time during this proceeding.  *Id.*

Moreover, to the extent that Plaintiff asserts UT is a large state-run entity with great resources, this argument has been disposed of by this Court in a prior UT case.  *See Harper v. Univ. of Toledo*, N.D. Ohio No. 3:22-cv-1308, 2024 U.S. Dist. LEXIS 92970, at *7-8 ("it is error for the Court to consider the prevailing party's ability to bear its own expenses without hardship") (internal citation omitted).

### D.     Any "Chilling Effect" for Future Civil Rights Litigants Does Not Weigh Against Awarding Costs.

Costs should not be denied on the theory that to grant costs might deter other litigants from filing meritorious civil rights claims.  Simply put, if the general rule is that the loser pays costs, it is hard to see how making an occasional exception for individuals such as Plaintiff will significantly alter the built-in "deterrence" against filing unsuccessful federal actions.  As was observed in *Burroughs v. Hills*, 741 F.2d 1525, 1538 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985) (Posner, J., concurring), "fear of losing seems not to be much of a deterrent" under the existing rule that the loser ordinarily pays.  *Id.* at 1542 (Flaum, J., concurring).

The Sixth Circuit has rejected the argument that an award of costs against an unsuccessful litigant undercuts the remedial purposes of Title VII of the Civil Rights Act of 1964.  *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986); *see also, Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489 (7th Cir. 1982) and *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982).  The Northern District of Ohio recently addressed and discarded this precise argument in an employment discrimination case that was disposed of in its entirety on summary judgment, but involved a much larger requested cost bill of $18,769.00.  *Brinson v. Summit Cnty.*, N.D. Ohio No. 5:21-CV-1638, 2023 U.S. Dist. LEXIS 163934, at *7-8 (Sept. 15, 2023).  The *Brinson* Court held:

> There is a sound policy reason to encourage potentially meritorious litigants to bring suit without fear of large cost assessments. But here, Brinson's claims were neither close nor difficult. As discussed above, Brinson failed to produce any evidence to support his many claims. As such, this Court finds little risk that assessing costs against Brinson would deter future litigants with potentially meritorious claims— so long as they have some evidence to support their claims. *See Hildebrandt v. Hyatt Corp.*, No. 1:02-cv-3, 2006 U.S. Dist. LEXIS 78163, at *10 (S.D. Ohio Oct. 26, 2006). ("[D]espite [p]laintiff's claims of a chilling effect, the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate.") (citing cases). This factor weighs in favor of assessing defendants' costs.

This Court's decision in *Hildebrandt* cites no less than four Sixth Circuit cases that stand for the proposition that prevailing employers are entitled to costs in employment discrimination cases. *Id.* at *10.

There is no support for any 'chilling effect' on Plaintiff's Title VII claims, as compared to any other case brought by an individual alleging discrimination against an employer. *Yarberry v. Gregg Appliances, Inc.*, S.D. Ohio No. 1:12-cv-611, 2017 U.S. Dist. LEXIS 17891, at *4 (Feb. 8, 2017) citing *Johnson v. Cleveland City School Dist.,* N.D. Ohio No. 1: 07 CV 1610, 2009 U.S. Dist. LEXIS 13433, at *1 (Feb. 3, 2009*)* (awarding costs to prevailing defendant in ADA case, including costs for deposition transcripts) (citing *Jones*, 789 F.2d at 1233); *Harper v. Univ. of Toledo*, N.D. Ohio No. 3:22-cv-1308, 2024 U.S. Dist. LEXIS 92970, at *7 ("the Sixth Circuit has repeatedly upheld awards of costs to employers who prevail in employment discrimination cases.").

**III.    Conclusion.**

For the foregoing reasons, Defendant submits that its Motion is well-taken and respectfully requests for the taxation of $3,466.05 against Plaintiff.

Respectfully submitted,

DAVE YOST (0056290)
Attorney General of Ohio

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)
Scott H. DeHart (0095463)
ZASHIN & RICH CO., L.P.A.
17 South High Street, Suite 900
Columbus, Ohio 43215
Phone:  (614) 224-4411
Fax:  (614) 224-4433
dcp@zrlaw.com
shd@zrlaw.com

*Attorneys for Defendant*

6

## **CERTIFICATE OF SERVICE**

This will certify that the foregoing was filed electronically on February 3, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Drew C. Piersall*
Drew C. Piersall (0078085)